# No. 22-14056-H

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

*Plaintiff/appellee,*

v.

KERBY BROWN, JR.

*Defendant/appellant.*

———————————

On Appeal from the United States District Court
for the Southern District of Florida

———————————

INITIAL BRIEF BY KERBY BROWN, JR.

———————————

BRADLEY HORENSTEIN, ESQ.
Counsel for Appellant

Courthouse Center
40 N.W. 3rd Street, PH 1
Miami, Florida 33128
Tel: 786-444-2723

THIS CASE IS ENTITLED TO PREFERENCE
(CRIMINAL APPEAL)

# CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

## United States v. Kerby Brown, Jr.
## Case No. 22-14056-H

Defendant/Appellant Kerby Brown, Jr. files this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1.

Aronovitz, Cary Oren

Brown, Richard O.I.

Butlien, Peter A.

Castro, Monica K.

Caruso, Michael

Cohn, Hon. James I.

Del Villar, Jorge Luis

Dimitrouleas, Hon. William P.

Fajardo Orshan, Ariana

Fisher, Joshua Loren

Gonzalez, Juan Antonio

Grosnoff, Nicole

Hoffman, Evan

Horenstein, Bradley

Huck, Hon. Paul C.

Hunt, Hon. Patrick. M.

Johannes, Vanessa Singh

Levin, Albert Zachary

Moreno, Hon. Federico A.

Nelson, Kirsten R.

Padilla, Joaquin E.

Ravindran, Iva Uroic

Reboso, Manolo

Reid, Hon. Lisette M.

Singhal, Hon. Raag

Smith, Hon. Rodney

Smukler, Elena

United States of America

Vora-Puglisi, Sabrina D.

Valle, Hon. Alicia O.

Wilcox, Daryl Elliott

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant, Kerby Brown, Jr., respectfully submits that oral argument is necessary to the just resolution of this appeal and will significantly enhance the decision making process.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS......………………………… C1 of 1

STATEMENT REGARDING ORAL ARUGMENT……………………………… i

TABLE OF CITATIONS……………………………………………………….. iv

STATEMENT OF JURISDICTION…………………………………….…. v

STATEMENT OF ISSUES …………………………………………………...1

STATEMENT OF THE CASE…………………………………………………..2

      Course of Proceedings and Disposition in the District Court……………..2

      Statement of Facts……………………………………………………3

      Standards of Review…………………………………………………4

SUMMARY OF THE ARGUMENT……………………………….……5

ARGUMENT AND CITATIONS OF AUTHORITY……………………...7

I.     The government did not introduce evidence sufficient to
       sustain a conviction for attempted sex trafficking of a
       minor, the court erred in denying Brown's Rule 29
       motion for judgment of acquittal on count two………………………7

II.    The venire was tainted once the court read the predecessor
       indictment mentioning a third victim where the trial
       indictment would only include two substantive charges, the
       court erred in denying Brown's motion to strike the panel…………………9

III.   The court erred in admitting hearsay statements of
       co-conspirator not in furtherance of the conspiracy,
       violating Brown's right to confront witness………………………...12

IV.   The government did not introduce evidence sufficient to

sustain a conviction for conspiracy to commit sex trafficking
of a minor, the court erred in denying Brown's Rule 29
motion for judgment of acquittal on count one……………………………...19

V.   Brown's right to a speedy trial was violated, the Court erred
in denying Brown's motion to dismiss………………………………………...21

CONCLUSION ……………………………………………………………………...22

CERTIFICATE OF COMPLIANCE……………………………………………....…23

CERTIFICATE OF SERVICE……………………………………………………23

# TABLE OF CITATIONS

**CASES:**

*Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004)………………..18,19

*Coy v. Iowa*, 487 U.S. 1012, 1015, 108 S.Ct. 2798 (1988)………………………19

*United States v. Adkinson*, 158 F.3d 1147 (11th Cir. 1998)………………………20

*United States v. Blakey*, 960 F.2d 996 (11th Cir. 1992)…………………………..18

*United States v. Calderon*, 127 F.3d 1314 (11th Cir.1997)………………….…...4

*United States v. Hasner*, 340 F.3d 1261 (11th Cir. 2003)……………………..17, 18

*United States v. Henderson*, 409 F.3d 1293 (11th Cir. 2005)………………….…..4

*United States v. Hernandez*, 433 F.3d 1328 (11th Cir. 2005)………………….…..4

*United States v. Isnadin*, 742 F.3d 1278 (11th Cir. 2014)…………………….…..20

*United States v. King*, 387 Fed.Appx. 948 (11th Cir. 2010)………………….…...12

*United States v. Magluta*, 418 F.3d 1166 (11th Cir. 2005)………………...…17, 18

*United States v. Murrell*, 368 F.3d 1283 (11th Cir. 2004)…………………………8

*United States v. Parker*, 839 F.2d 1473 (11th Cir. 1988)……………………..…..20

*United States v. Rodriguez,* 732 F.3d 1299 (11th Cir. 2013)………………….....4

*United States v. Westry*, 524 F.3d 1198 (11th Cir. 2008)………………………....20

*United States v. Vera*, 701 F.2d 1349 (11th Cir. 1983)…………………….....…12

## STATUTORY AND OTHER AUTHORITY

18 U.S.C. § 1594(C)…………………………………………………………..2

18 U.S.C. § 1594(A)……………………………………………..…………2

18 U.S.C. § 1591 (A)(1)……………………………………………………2

18 U.S.C. § 1591 (B)(2) ……………………………………………….....2

18 U.S.C. § 3231……………………………………………………………v

18 U.S.C. § 3742(a)………………………………………………………v

28 U.S.C. § 1291…………………………………………………………v

Fed. R. Evid. § 801(d)(2)(E)……………………………….………..12, 17

Fed. R. Evid. § 404(B)…………………………………….…….6, 12, 13, 14

Fed. R. Evid. § 403……………………………………………...….6, 12, 13, 14

Fed. R. App. P. 27(d)(2)(A) ……………………………………………….23

Fed. R. App. P. 32 (a)(5)...…………………………………………….. 23

Fed. R. App. P. 32 (a)(6)……..…………………………………………….23

## STATEMENT OF JURISDICTION

The trial court had jurisdiction of this case pursuant to 18 U.S.C. § 3231, because Appellant was charged with offenses against the laws of the United States. The court of appeals has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which gives courts of appeals jurisdiction over all final decisions of the trial courts of the United States, and 18 U.S.C. § 3742(a), which allows criminal defendants to appeal their sentences. A final judgment was entered on November 18, 2022. DE:196. Appellant filed a timely notice of appeal on December 1, 2022. DE:198

# STATEMENT OF THE ISSUES

I.      The court erred in denying Brown's Rule 29 motion for judgment of acquittal as to the attempted sex trafficking of a minor count; the government did not introduce sufficient evidence, even when viewed in the light most favorable to the government.

II.      The government introduced hearsay statements of co-conspirator Heidy Archer that were not in furtherance of the conspiracy or otherwise admissible under another exception to the rule, the court erred in denying Brown's objections thereby violating Brown's right to confront the witness.

III.      The venire was tainted by the court's reading of a predecessor indictment that included more victims than the superseding indictment on which Brown was tried, the court erred in denying Brown's motion to strike the panel.

IV.      The court erred in denying Brown's Rule 29 motion for judgment of acquittal as to the conspiracy to commit sex trafficking of a minor count; the government did not introduce sufficient evidence, even when viewed in the light most favorable to the government.

V.      The government failed to try Brown before Brown's right to speedy trial was violated, the court erred in denying Brown's motion to dismiss.

## STATEMENT OF THE CASE

### Course of Proceedings and Disposition

On February 13, 2020, a federal grand jury indicted Kerby Brown, Jr., with one count of conspiracy to commit sex trafficking of a minor, in violation of 18 U.S.C. §1594(C), two counts of attempted sex trafficking of a minor, in violation of 18 U.S.C. §1594(A), and one count of sex trafficking of a minor, in violation of 18 U.S.C. §1591(A)(1) and (B)(2). DE:10.[1] On May 12, 2022, the government filed a superseding indictment removing one count of attempted sex trafficking of a minor. The other three counts from the February 13, 2020, indictment remained. DE:133

Brown pled not guilty. On April 26, 2022, Brown, in a pro se capacity, filed a motion to dismiss the indictment for speedy trial. DE:111. On May 3, 2022, while still a pro se defendant, the district court denied Brown's motion to dismiss with prejudice. DE:119. Brown elected to proceed to trial with court appointed counsel as lead counsel instead of representing himself. DE:118. Brown's trial began on August 8, 2022. DE:163. Brown moved to strike the venire. DE:203:55-61. The court denied the motion to strike the venire. DE:203:61-62. Brown moved for judgment of acquittal of Count One and Count Two under Rule 29. DE:206:36-42.

---

[1] In a previous case involving the same conduct (19-CR-60156-AHS) filed on May 24, 2019, Brown's pro se motion to dismiss for speedy trial violation was granted without prejudice by the district court. Almost immediately, the government refiled this case.

The court denied Brown's motions for judgment of acquittal. DE:206:42. The jury found Brown guilty of all three counts. DE:168.

Brown filed Objections (DE:185) and a Sentencing Memorandum (DE:187). On November 18, 2022, the court sentenced Brown to 360 months imprisonment and five-years supervised release. D:196.

## Statement of Facts

Brown is a twenty-seven-year-old man with one daughter. DE:186:16-17. Brown's mother and infant sister died in a car accident when Brown as a child while Brown was also in the car at the time of the crash. DE:186:17. Brown's father remarried. DE:186:17. Brown was raised in well below average socioeconomic conditions. DE:186:17. Brown did not finish high school, reaching the eleventh grade. DE:186:19.

This case began when on January 30, 2019, FBI Agent Joseph Oliver learned about suspicion of child prostitution at the Ramada Hotel located at 1925 Harrison Street in Hollywood, Florida, from a few months prior. DE:204:178. The case was suspected to involve a minor victim, S.K., and Brown was believed to be trafficking the minor for sex. DE:204:178. Officers had responded to the Ramada Hotel on November 24, 2018, with S.K. and Brown present, but detectives declined to respond to the location, and Brown was not arrested by the officers who did respond. DE:203:234-242. As a result of the suspected child sex trafficking, Agent Oliver

became involved after the responding officers declined to arrest Brown at the Ramada Hotel on the date of the alleged incident. DE:204:178. Through the course of his investigation, Agent Oliver believed that Brown was known to drive women to commercial sex dates. DE:204:185. Oliver suspected that Heidy Archer and Brown were conspiring to commit child sex trafficking and located an online advertisement for sex featuring Heidy Archer. DE:204:184. Oliver hoped that if he set up an operation to respond to Heidy Archer's advertisement, that Brown would be there with Heidy Archer. DE:204:184. Brown was arrested on May 23, 2019, as a result of the operation. DE:204:184-189.

## STANDARDS OF REVIEW

This Court reviews *de novo* a district court's denial of judgment of acquittal. *United States v. Rodriguez,* 732 F.3d 1299, 1303 (11th Cir.2013). This Court reviews the sufficiency of the evidence *de novo*. *United States v. Hernandez*, 433 F.3d 1328, 1332 (11th Cir.2005). Evidentiary rulings are reviewed for abuse of discretion. *United States v. Henderson*, 409 F.3d 1293, 1297 (11th Cir.2005).

For claims of cumulative error this Court first considers the validity of each claim individually, and then examines any errors in the aggregate in light of the trial as a whole to determine whether the appellant was afforded a fundamentally fair trial. *See United States v. Calderon*, 127 F.3d 1314, 1333 (11th Cir.1997).

## SUMMARY OF THE ARGUMENT

The government failed to introduce evidence sufficient to sustain a conviction on the charge of attempt to commit sex trafficking of a minor. The district court erred when it denied the defendant's Rule 29 motion for judgment of acquittal as to count two because the evidence was insufficient. There was no evidence that Brown committed any of the elements necessary to prove him guilty of count two. S.K. did not testify in Brown's trial. The government introduced no evidence of contact between S.K. and Brown other than proximity in a hotel room and one photograph. There was no evidence of correspondence between S.K. and Brown, no phone calls between the two, no text messages, and no e-mails. No other eyewitnesses testified to having seen Brown interact with S.K.. The government introduced no advertisements for sex featuring S.K., no traces of advertisements for sex featuring S.K. found on any of Brown's devices, and no mention of S.K. was found on any of Brown's devices. No reasonable jury could find that Brown committed the conduct charged in Count Two.

The venire was also irreparably tainted when the court read a prior indictment with three minor victims that had been superseded to remove the third minor victim. The court erred in denying Brown's motion to strike the panel, and Brown was tried by a jury left to wonder what happened to the third minor victim and whether there

were more than even three if the court was withholding information about other victims from the jury.

The government also introduced hearsay testimony of co-conspirator Heidy Archer, an adult over the age of eighteen, arguing that the co-conspirator exception applied. But Heidy Archer's out of court statements that were introduced were not in furtherance of the conspiracy to commit sex trafficking of a minor, violating Federal Rules of Evidence 404(b) and 403. The testimony of Heidy Archer that was admitted involved conversations about her own sex trafficking as an adult, and other crimes involving adults, not about sex trafficking of minors. The court rushed through argument at sidebar and erred in overruling Brown's objections, violating Brown's right to confront Heidy Archer who was not called as a witness by the government.

The government also failed to introduce evidence sufficient to sustain a conviction on the charge of conspiracy to commit sex trafficking of a minor. The district court erred when it denied the defendant's Rule 29 motion for judgment of acquittal as to Count One because the evidence was insufficient. Heidy Archer did not testify. The testimony of J.M. was insufficient to establish all the elements of a conspiracy between Brown and Heidy Archer. No jury could have found Brown and Heidy Archer were engaged in such a conspiracy beyond a reasonable doubt, and

the introduction of inadmissible hearsay statements of Heidy Archer only served to further confuse the jury.

Finally, the government failed to try Brown in adequate time, violating his right to speedy trial. The court erred in denying Brown's motion to dismiss.

## ARGUMENT AND CITATIONS OF AUTHORITY

### I. The district court erred in denying the defendant's motion for judgment of acquittal on Count Two

The district court erred in denying the defendant's Motion for Judgment of Acquittal on Count 2. DE:206:41-42. Federal Rule of Criminal Procedure 29(a) states that: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." *Id*. No evidence was introduced that could equip a reasonable jury to find beyond a reasonable doubt that Brown attempted to traffic S.K., even when viewed in a light most favorable to the government. DE:206:41-42.

No reasonable jury could find that Brown had the specific intent to engage in criminal conduct with S.K. because no eyewitnesses testified about observing S.K. and Brown together beyond the fact that they were in the same hotel room at the same time as observed by D.L.. DE:206:41-42. DE:203:175-233. D.L. did not testify that she observed Brown and S.K. speaking with each other. DE:203:175-233. There was no evidence of Brown and S.K. interacting either in-person or electronically,

beyond a photograph of the two of them together. DE:203:175-233. And there was no evidence that Brown took a substantial step such as posting an advertisement for sex featuring S.K.. DE:204:175-206; DE:205:6-144; DE:206:18-26.

"To sustain a conviction for the crime of attempt, the government need[s] [to] prove (1) that the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) that he took a substantial step toward commission of the offense." *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004). Here, the government did not present sufficient evidence of Brown's knowledge or intent, and presented no evidence of Brown taking a substantial step.

There was no evidence presented to the jury about Brown's specific intent to engage in criminal conduct involving S.K.. DE:203:175-233. And there was no evidence of "a substantial step toward commission of the offense" taken by Brown. *Id.*; DE:204:175-206; DE:205:6-144; DE:206:18-26. No evidence was introduced that established Brown or any of his devices were connected to the posting of an advertisement for sex involving S.K., let alone any evidence that Brown even spoke to S.K.. DE:203:175-233; DE:204:175-206; DE:205:6-144; DE:206:18-26

The entire universe of evidence relating to Count Two came from the testimony of three witnesses: D.L., a minor at the time of the alleged incident, D.L.'s mother, Stacia White, and Officer Michael Ryder, the first responding officer to the Ramada Inn on the date of the alleged incident. D.L. testified that she observed

Brown in a hotel room along with S.K. and others. DE:203:175-233. D.L. did not testify that she observed Brown and S.K. interact with each other, and nobody else even testified to having seen Brown and S.K. together. DE:203:175-233. D.L. and the officer testified that they both observed an advertisement for sex featuring S.K., but neither testified that Brown prepared the advertisement, posted the advertisement, or was otherwise involved in the creation of the ad. DE:203:175-233; DE:203:234-243. And Stacia White offered no testimony regarding Brown. DE:203:244-260.

The jury did not receive sufficient evidence with which to convict Brown of attempted sex trafficking of S.K.. The jury was left with no evidence of specific intent or a substantial step with which they could find beyond a reasonable doubt that Brown was guilty of Count Two.

## II. The district court erred in denying motion to strike the venire

The district court erred in denying the defendant's motion to strike the venire because the jury panel was tainted, and Brown prejudiced, by the court's reading of a predecessor indictment that included a third minor victim. Brown was tried pursuant to an indictment with only two minor victims. The court did not have the superseding indictment on the bench when it began to read the charges to the jury. Instead, the court had a prior version of the indictment that included another substantive charge relating to a third minor victim. The court read to the jury that the

indictment included three minor victims, minor victim one, minor victim two, and minor victim three. In pertinent part, the court read the following:

THE COURT: The indictment charges that in Count 1, from at least on or about November 21st of 2018, continuing through on or about May 23rd of 2019 in Broward and Miami-Dade Counties in the Southern District of Florida and elsewhere, that Kerby Brown, Junior did knowingly combine, conspire, confederate and agree with other persons known and unknown to the grand jury to recruit, entice, harbor, transport, provide, obtain, advertise and maintain by any means persons, that is, Minor Victim Number 1, Minor Victim Number 2, and Minor Victim Number 3 - -

MS. CASTRO: Your Honor, I apologize for the interruption. There's a superseding indictment.

THE COURT: All right. Could you pass that up?

MS. CASTRO: Yes, Your Honor.

MR. REBOSO: May I approach?

THE COURT: This isn't my case. Judge Smith isn't feeling well, and I'm trying the case for him. I apologize. Let me see what the difference is.

DE:203:19-20.

Here, almost immediately after reading that there was a third minor victim to the jury, the government interrupted the court, explained the court's error, and provided the correct with a copy of the superseding indictment where only two minor victims were named, but the damage was already done. DE:203:19-20. Were the

venire not to be struck, Brown was prejudiced and left with a jury who would no doubt spend the duration of the trial wondering who the third victim was, what other information was being kept from them, and how many other minor victims were being withheld from them by the court. Once Brown moved to strike the panel, the court immediately acknowledged that the mishap was on its mind:

> MR. HORENSTEIN:    Judge, we have a motion.
>
> THE COURT:    I was just about to talk about that. Go ahead.
>
> MR. HORENSTEIN:    We're moving the strike the panel as to no fault of your own, Your Honor referenced Minor Victim 3 in reading original indictment.
>
> THE COURT:    Yeah, I think I did do that, naming the conspiracy. What's the Government's position?

DE:203:55. The government opposed Brown's position, and the court denied Brown's motion to strike the panel. DE:203:55-62.

Mr. Brown could not receive a fair trial with a jury assembled from this tainted venire, and Brown moved the court to strike the panel so that he could pick a jury from an untainted venire. All the district court had to do to ensure Brown would receive a fair trial was bring in a new venire. But the court denied Brown's motion to strike the panel, perhaps because the court did not want the inconvenience of having to produce an entirely new venire for voir dire. The resulting prejudice was

Brown being tried by a tainted jury who convicted him on all counts. "Among the purposes of *voir dire* are to: (1) determine if prospective jurors are 'willing and able to properly apply the law," and (2) reveal potential juror bias or prejudice.'" *United States v. King*, 387 Fed.Appx. 948, 949 (11th Cir. 2010), See *United States v. Vera*, 701 F.2d 1349, 1356 (11th Cir. 1983). In this case, the court's erroneous ruling denying Brown's motion to strike had the effect of injecting bias and prejudice into the jury, quite the opposite of the purpose of *voir dire*. *Id*.

**III.   The district court erred in admitting hearsay that was not in furtherance of the conspiracy, was without any other exception, violating Brown's right to confront the witness, 404(b), and 403**

The district court erred in admitting statements of Heidy Archer as non-hearsay statements of a co-conspirator under Fed.R.Evid. 801(d)(2)(E). Heidy Archer's statements admitted in Government Exhibits 47A through 47P were hearsay without exception and were not made in furtherance of the conspiracy. DE:205:90-144; DE:206:18-26. Furthermore, the statements of Heidy Archer also violated Mr. Brown's right to confront a witness against him, Fed.R.Evid. 404(b) and Fed.R.Evid. 403.

**A.   Inadmissible Hearsay**

Over objection, the court erroneously allowed prejudicial, irrelevant statements of Heidy Archer's contained in government exhibits 47A through 47P including text messages DE:205:89-94.

| | |
|---|---|
| MS. CASTRO: | At this time, Your Honor, based on authentication that was laid with Examiner Bieber yesterday, the Government would offer into evidence Government's Exhibit 47B as in boy, through E as in Edward, 47E-1, 47F through P as in Paul. |
| MR. HORENSTEIN: | Objection. Relevance, 403, 404(b). Lack of foundation. |
| THE COURT: | Overruled. 47B, C, D, E, E-1, F through P will be received. And I think 47N is already in. |

(Government's Exhibits 47B-E, 47E-1, and F – P Received).

| | |
|---|---|
| MR. HORENSTEIN: | And hearsay, Judge. And hearsay as non-furtherance of a conspiracy hearsay. |
| THE COURT: | I mean, I'll have to hear each one of them. If some of them are purportedly between Mr. Brown, that's overruled, and depends on the dates, if the dates are in 2018 and 2019, then that would be overruled also. So, subject to a motion to strike, if you can show me that the co-conspirator exception, the hearsay rule doesn't apply. |
| MS. CASTRO: | Thank you, Your Honor. Now, I'll begin by offering or publishing Government's Exhibit 47 - - 47E, subsection 1. If I may publish with the jury, Your Honor? |
| MR. HORENSTEIN: | Judge, may we come sidebar or address this outside the presence of the jury? |
| THE COURT: | I'm sorry? |
| MR. HORENSTEIN: | Or address this outside the presence of the jury? |

THE COURT:          Go sidebar.

(Thereupon, the following was heard at the bench.)

MR. HORENSTEIN:   So, these exhibits, all the exhibits that were just admitted are text messages, SMS conversations or iChat conversations between the defendant and Heidy Archer. It's our position that not all of them are in furtherance of the conspiracy and constitute hearsay. Additionally, some of them involve crimes that are not part of the current indictment for which there has been no 404 notice and for which they are very prejudicial under 403.

THE COURT:          I don't know what you're talking about, what types of crimes are you talking about?

MR. HORENSTEIN:   There's allegations of people doing drugs, to the degree where their lives are threatened. That this is - - and there's a very long message about that one, it's a 92 page SMS chat. Further, none of them discuss child sex trafficking. None of them are in furtherance of the conspiracy to traffic in minors. And so it's our position that none of them should be included beyond Mr. Brown's statements, but the 99 page document that I'm referring to is very, very prejudicial and I'm nervous that that's been published for the jury. I know this is about to be published to the jury. This is something where we tried to get ahead of earlier and I don't know how we can simultaneously publish that while objecting to it.

DE:203:89-91. The government argued, and the district court agreed, that the statements of Heidy Archer were admissible pursuant to the co-conspirator exception to hearsay, and because the crimes being discussed were inextricably intertwined. DE:205:89-94. However, the court recognized that admissibility was at least debatable, though that did not stop the court from rushing through the analysis.

| | |
|---|---|
| THE COURT: | So if it's going in, why do you need all this other stuff? *Why do you need to give them points on appeal?* |
| MS. CASTRO: | There are other items. This one item, 47E-1 that we certainly would want to offer in. We may have to deal with some of the other items. In turn, candidly, the specific discussion that defense is talking about where they're talking about robbing a person, that shows the defendant giving clear instructions to Heidy Archer on how she needs to do something at his demand in order to rob someone and they've put that at issue. |
| THE COURT: | *I'm going to let it all in. I'm just saying, you know, you're over trying the case.* |
| MS. CASTRO: | Understood, Your Honor. |
| THE COURT: | So what else do you object to? The drugging, she's just explained to me how that's inextricably intertwined to the crimes as to what's admissible. |
| MR. HORENSTEIN: | So, there's no allegation that there's a juvenile involved in that interaction. Heidy Archer is an adult. All of these texts are with Heidy Archer as an adult. None of |

|                    | these chats reference any of the juveniles in the case. |
|--------------------|--------------------------------------------------------|
| THE COURT:         | What you're saying is that she's charged with sex trafficking with minors, and that if he has similar activities but it just so happens that the woman is an adult and that makes it admissible, I think that goes to the weight, not to the admissibility. Anything else? |
| MS. CASTRO:        | Not from the Government, Your Honor. |
| MR. HORENSTEIN:    | Yes. The most concerning of the chats that we were discussing about the robbery and about the drugging. |
| MS. CASTRO:        | Can you give me the number on that? |
| MR. HORENSTEIN:    | I just know it's the 99 page one. I'll find it in a moment. That one doesn't involve sex trafficking, period. It's just a robbery. |
| THE COURT:         | But it's relevant if its showing that he has that type of control over the women in the case. Whether or not the Government needs it or not, whether they want to wait and see whether the appellate court, if we get to that point is going to second guess my rulings, that's up to the government. But, you know, my job here is to rule on 403, whether things are probative, and whether or not they're prejudicial and weigh it, and not to sit here and say to the Government, well, you really don't need this so don't put it in. |
| MS. CASTRO:        | Your honor, if I may just clarify one point. I mean, these discussions show defense opened on the notion that Heidy Archer |

was a madame and that the defendant was her unwilling participant with her trying to pitch these girls and that brings into relevancy the way in which the defendant interacted with Ms. Archer and so we just wanted to note that.

MR. HORENSTEIN: It's our [position] with relation to the minor girls in these texts don't involve the minor girls. They're not in furtherance of the conspiracy to commit sex trafficking of minors is our position.

THE COURT: Okay. They're inextricably intertwined from what I've heard so your objection is overruled.

DE:203:92-94 (emphasis added).

The hearsay admitted in the #47 exhibits had nothing to do with the conspiracy to commit sex trafficking of a minor, and involved other crimes, not including sex trafficking, or attempted sex trafficking, of minors. "For evidence to be admissible under Rule 801(d)(2)(E), the government must prove by a preponderance of the evidence these things: (1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) *the statement was made during the course and in furtherance of the conspiracy.*" *United States v. Magluta*, 418 F.3d 1166, 1178 (11th Cir. 2005) (quoting *United States v. Hasner*, 340 F.3d 1261, 1274 (11th Cir. 2003) (emphasis added)).

Here the court ignored prong three from *Hasner* in favor of the government's arguments that the hearsay demonstrated Brown's control over Heidy Archer, and

that the other crimes were inextricably intertwined. DE:203:92-94. Even if that were correct, because the statements were clearly not in furtherance of the conspiracy and met no other exception, they remained hearsay, which the court erred in admitting.

The district court did not analyze the three parts considered by this Court in *Hasner* and *Magluta*. DE:203:89-94. Instead, the court essentially admitted the statements and explained that it would be the government's fault were the court to be overturned. But here both the government and the court are at fault.

### B.     The Confrontation Clause

Brown's inability to confront the statements of his alleged co-conspirator, Heidy Archer, who did not testify, "violated defendant's constitutional right to be confronted with the witnesses against him." *United States v. Blakey*, 960 F.2d 996, 999 (11th Cir. 1992). Accordingly, "[h]is conviction must be reversed." *Id*.

"The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him." *Crawford v. Washington*, 541 U.S. 36, 42, 124 S.Ct. 1354, 1359, 124 S.Ct. 1354 (2004) (quoting Amdt. 6). Because of the court's erroneous ruling to admit the #47 government exhibits, Brown was denied the enjoyment of that right with grave effect. "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Id*. at 68-69, 1374.

As the government explained to the jury, "Heidy Archer herself was engaging in commercial sex acts, and *she is the main co-conspirator*…." DE:203:170 (emphasis added). "Dispensing with confrontation because testimony is obviously reliable is akin to dispensing with jury trial because a defendant is obviously guilty. This is not what the Sixth Amendment prescribes." *Id*. at 62, 1371. "The right to confront one's accusers is a concept that dates back to Roman times." *Id*.; See *Coy v. Iowa*, 487 U.S. 1012, 1015, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). Brown should have been afforded that right after Heidy Archer's statements were erroneously admitted.

## IV. The district court erred in denying motion for judgment of acquittal on Count One

The district court erred in denying the defendant's motion for judgment of acquittal on Count One because there was no evidence of an agreement between Brown and any potentially alleged co-conspirator, including Heidy Archer. Such evidence could have been introduced, were it to have existed, by having an alleged co-conspirator testify in the trial. But the government called no alleged co-conspirator as a witness during the trial. The error was not harmless given the lack of evidence introduced regarding the conspiracy.

To sustain Brown's conviction for conspiracy to commit sex trafficking of a minor, the government must prove: (1) an agreement existed between Brown and others; (2) Brown knew the "essential objects of the conspiracy" (an agreement to

traffic a minor for sex); and (3) Brown knowingly and voluntarily joined in the agreement. *United States v. Westry*, 524 F.3d 1198, 1212 (11th Cir. 2008); see also *United States v. Isnadin*, 742 F.3d 1278, 1305.

Here, there was no evidence of a conspiratorial scheme or intent to join it. No government witness established Heidy Archer's intent to participate in the conspiracy with any specificity, and Heidy Archer did not testify. "Without evidence showing or tending to show a meeting of the minds to commit an unlawful act, [conspiracy] convictions cannot stand." *United States v. Parker*, 839 F.2d 1473, 1478 (11th Cir. 1988). This Court has reversed conspiracy convictions where there was no direct or circumstantial proof that co-conspirators agreed to the conspiracy charged.

In *United States v. Adkinson*, the Court reversed the Appellant's conviction for conspiracy to impede the IRS where the government failed to prove the defendants actually agreed to and intended to impede the IRS. 158 F.3d 1147, 1159 (11th Cir. 1998). Similarly, in *United States v. Parker*, the Court found the appellants had the common goal of making money and there was evidence to show the law was violated, but there was not sufficient evidence to establish an agreement to defraud. 839 F.2d at 1478.

Here, while there was evidence of unlawful acts, there was no evidence of a meeting of the minds between Brown and Heidy Archer, requiring reversal of Count One.

## V. The district court erred in denying motion to dismiss for violation of speedy trial

The district court erred in denying the defendant's motion to dismiss for violation of Brown's right to a speedy trial. The criminal complaint was refiled against Brown in this case on January 29, 2020. DE:1. From that date until the date the district court denied Brown's pro se motion to dismiss for violation of speedy trial with prejudice on May 3, 2022, approximately 855 days had elapsed. DE:119. When you consider that Brown was first arrested on this case on May 23, 2019, it was closer to 1,095 days from Brown's date of arrest to the final denial of his pro se motion to dismiss. DE:204:184-189. The one thread running through both cases was Brown's repeated filing of pro se motions to dismiss for violation of speedy trial. As the district court even said in finally denying Brown's final pro se motion to dismiss with prejudice, "they have been repetitive." DE:150:5. It is clear that Brown made every effort to either have his case tried or dismissed, for over a thousand days, in custody the entire time. Accordingly, the court should reverse Brown's convictions and grant Brown's motion to dismiss.

## CONCLUSION

Based upon the foregoing argument and citations of authority, and because the cumulative error denied Brown a fundamentally fair trial, the Court should reverse Brown's convictions.

Respectfully submitted,

/s/ Bradley Horenstien

Bradley Horenstein, Esq.
Florida Bar No. 0096000
Attorney for Appellant Kerby Brown, Jr.

40 N.W. 3rd Street, Penthouse One
Miami, Florida 33128
Telephone No. (786) 444-2723
Email: brad@thehorensteinfirm.com

**CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 5,015 words. This document complies with the typeface and type-style requirement of Fed. R. App. P. 32 (a)(5) and (6) because it was prepared using a Word Proportionally Spaced Times New Roman 14-point font.

/s/ Bradley Horenstein
Bradley Horenstein, Esq.


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing brief was filed on September 25, 2023, and that on the same day that it was filed it was served via CM/ECF upon AUSA Lisa Tobin Rubio.

/s/ Bradley Horenstein
Bradley Horenstein, Esq.